Beach v Touradji Capital Mgt., LP (2020 NY Slip Op 00230)





Beach v Touradji Capital Mgt., LP


2020 NY Slip Op 00230


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Richter, J.P., Gische, Webber, Gesmer, JJ.


603611/08 -7778

[*1] Gentry T. Beach, et al., Plaintiffs-Respondents,
v
Touradji Capital Management, LP, Defendant-Appellant.
Touradji Capital Management, et al., Counterclaim Plaintiffs-Appellants,
v
Gentry T. Beach, et al., Counterclaim Defendants-Respondents.
Touradji Capital Management, LP, et al., Counterclaim Plaintiffs-Appellants, Deeprock Venture Partners, LP, Counterclaim Plaintiffs,
v
Vollero Beach Capital Partners LLC, et al., Counterclaim Defendants-Respondents.


Kellogg, Hansen, Todd, Figel & Frederick, PLLC, New York (Aaron M. Panner of counsel), for appellants.
The Stolper Group, LLP, New York (Michael Stolper of counsel), for Gentry T. Beach and Robert A. Vollero, respondents.



Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered June 10, 2019, in favor of plaintiffs/counterclaim defendants, unanimously reversed, on the law, without costs, and the matter remanded for a new trial.
This appeal centers around an employment compensation dispute between defendant Touradji Capital Management (TCM), a commodities hedge fund, and two of its former portfolio managers, plaintiffs Gentry T. Beach and Robert A. Vollero. Plaintiffs brought this action alleging that TCM breached the parties' oral employment contracts. TCM and its principal Paul Touradji (together appellants) asserted counterclaims, including a breach of fiduciary duty claim against each plaintiff. Central to those causes of action are allegations that plaintiffs violated certain regulations of the Securities and Exchange Commission (SEC) while employed at TCM, and that Vollero destroyed his handwritten notes of his conversations with Touradji, replacing them with word-processed versions that progressively became more favorable to plaintiffs.
Prior to trial, plaintiffs' counsel asked appellants to produce documents related to the SEC claim, arguing that they should have been produced in response to previous discovery demands. When appellants did not respond to that request, plaintiffs asked the court to strike the breach of fiduciary duty counterclaims absent immediate production, and appellants responded [*2]that they were under no obligation to produce the documents based on the prior requests. At a pretrial conference for which there is no transcript, the court apparently "asked" appellants to turn over the SEC communications, but did not sign an order to that effect, and the documents were not produced at that time.
In his opening statement, counsel for appellants
told the jury that the SEC had made a "finding" that plaintiffs "violated the securities laws." Plaintiffs' counsel objected, arguing that the SEC document upon which appellants' counsel relied was not a finding, but rather a settlement agreement between the SEC and TCM that did not explicitly state that plaintiffs had violated any SEC regulations. Appellants' counsel responded that, although the SEC settlement did not identify plaintiffs by name, it nevertheless stated its "finding[]" that the violations were made by "two former employees of [TCM]." Appellants' counsel told the court that it was prepared to introduce evidence showing that those two employees were plaintiffs.
After reviewing the SEC settlement agreement, the court, as a curative measure, directed appellants' counsel to clarify his remarks to the jury. Counsel told the jury that the SEC rule violation was against TCM, and that the SEC did not identify plaintiffs in the agreement. Counsel also stated that he intended to introduce evidence showing that the two unnamed employees referenced in the agreement are, in fact, plaintiffs. The court read the operative parts of the settlement agreement into the record, and entered the entire agreement into evidence.
The court also ordered appellants to turn over TCM's communications with the SEC. After appellants produced the SEC communications, the court identified three earlier discovery demands to which the documents were purportedly responsive. The court concluded that appellants had an ongoing obligation to produce those communications in response to these prior demands. As a sanction, the court precluded appellants from relying on the SEC violations as a basis for their fiduciary duty counterclaims, and told the jury that all references to the SEC violations were stricken from the record. The court also precluded appellants from making any reference to plaintiffs' alleged spoliation of evidence (i.e., Vollero's destruction of his handwritten notes of conversations with Touradji). The jury subsequently rendered a verdict finding in favor of plaintiffs on the breach of contract claims, and against appellants on their counterclaims. Appellants appeal from the subsequent judgment.
First, appellants argue that counsel's remarks to the jury about the SEC's findings were accurate, but even if they were not, any misstatement was trivial and did not require a cure. We agree with the court that appellants' counsel did not fairly describe the SEC's findings in the opening statement. While not outrightly false, counsel's statement that the SEC found that plaintiffs had violated the securities laws was misleading and required correction. It is undisputed that the settlement agreement does not implicate plaintiffs by name. That counsel was prepared to subsequently show that plaintiffs were in fact the employees referenced in the agreement does not alter the fact that the SEC made no specific finding of wrongdoing as to plaintiffs. The curative measure taken by the court — requiring appellants' counsel to clarify his remarks — was appropriate, and no further sanction was warranted.
Next, appellants contend that they committed no discovery violations, but even if they did, the court's preclusion orders constituted an excessive sanction that deprived them of a fair trial [FN1]. Plaintiffs maintain, and the court agreed, that appellants violated their discovery obligations by failing to produce the SEC documents in response to prior pretrial demands. Appellants counter that plaintiffs' litigation conduct constituted a waiver of post-note of issue discovery on the SEC issue, and that even if such discovery were proper, the documents in question bear, at most, a tenuous connection to only two of plaintiffs' earlier demands. We need [*3]not determine whether a discovery omission occurred, because even if the SEC communications should have been turned over prior to the trial, the delay in the document production did not warrant the severe sanctions imposed.
Pursuant to CPLR 3126, if a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . , the court may make such orders with regard to the failure or refusal as are just." Although "[i]t is within the trial court's discretion to determine the nature and degree of the penalty," "[t]he sanction should be commensurate with the particular disobedience it is designed to punish, and go no further than that" (Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880 [2013] [internal quotation marks omitted]). Further, "the drastic remedy of striking a party's pleading . . . for failure to comply with a discovery order is appropriate only where [it is] conclusively demonstrate[d] that the non-disclosure was willful, contumacious or due to bad faith" (Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011] [internal quotation marks omitted]).
Although the court here did not strike a pleading, its ruling could fairly be viewed as having done so, since the precluded evidence was critical to the fiduciary duty claims. Moreover, the court's drastic sanctions were disproportionate to the alleged discovery malfeasance. It is unclear why a short continuance to give plaintiffs time to review the newly-produced documents would not have been a viable option, or why further curative instructions would not have sufficed. The record as a whole does not support a finding of willfulness or bad faith so as to justify the severe sanctions imposed (see Corrigan v New York City Tr. Auth., 144 AD3d 495, 496 [1st Dept 2016] [because the discovery failures were not wilful or contumacious or in bad faith, the court's drastic sanction of striking the answer and precluding evidence at trial was unwarranted]). No basis exists to indicate that this was anything other than a disagreement over the scope of discovery. Indeed, the court at trial stated that the alleged discovery omissions "appear[] not to have been in bad faith."
Nor is there support in the record for plaintiffs' current assertion that appellants refused to obey a discovery order issued at the pretrial conference. Although a transcript of the pretrial conference does not exist, the court expressly acknowledged at trial that it did not issue a discovery order, but merely "asked" appellants to produce the documents. The court further observed that when appellants were subsequently "order[ed]" to produce the material, appellants complied. Likewise, at trial, counsel for plaintiffs described the court as merely having directed the parties to "work it out."
The court's order precluding appellants from relying on the SEC violations as a basis for their fiduciary duty counterclaims, and from making any reference during the trial to Vollero's alleged destruction of evidence, warrants reversal and a new trial (see CPLR 2002; cf. Nineteen Eighty-Nine, LLC v Icahn, 155 AD3d 566 [1st Dept 2017]). Plaintiffs' alleged commission of SEC violations, and Vollero's spoliation of evidence, were critical components of appellants' fiduciary duty counterclaims. These allegations were also key to plaintiffs' breach of contract claims, because a faithless servant forfeits any right to compensation (see e.g. Art Capital Group, LLC v Rose, 149 AD3d 447, 449 [1st Dept 2017]). Further, precluding appellants from presenting evidence that Vollero had destroyed evidence denied appellants a fair trial on all claims. As appellants point out, the trial was largely a credibility contest between Touradji and plaintiffs, and the preclusion of Vollero's alleged misconduct unduly hampered appellants' ability to undermine his testimony. Because we are ordering a new trial, we need not reach appellants' remaining grounds for reversal.
M-7778 - Beach v Touradji Capital Management, LP
Motion for leave to file a supplemental
record denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK



Footnotes

Footnote 1: Under the circumstances here, we reject plaintiffs' contention that appellants waived this claim. Although appellants declined the court's offer of a mistrial, they preserved the claim by noting their objection several times (see CPLR 4017), and the court expressly acknowledged their right to appeal the issue.