Gottwald v Sebert (2022 NY Slip Op 02492)

Gottwald v Sebert

2022 NY Slip Op 02492

Decided on April 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 14, 2022

Before: Acosta, P.J., Kern, González, Shulman, JJ. 

Index No. 653118/14 Appeal No. 15733 Case No. 2021-04391 

[*1]Lukasz Gottwald professionally known as Dr. Luke, Kasz Money, Inc., et al., Plaintiff-Respondents-Appellants,
v
Kesha Rose Sebert professionally known as Kesha, Defendant-Appellant-Respondent.

O'Melveny & Myers LLP, New York (Anton Metlitsky of counsel), for appellant-respondent.
Mitchell Silberberg & Knupp LLP, New York (Jeffrey M. Movit of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered October 27, 2021, which, to the extent appealed from, upon the parties' cross motions, precluded defendant from offering a certain document at trial and precluded plaintiffs from introducing testimony by a certain witness at trial, unanimously affirmed, with costs.
The court providently exercised its discretion in precluding the privileged communication that defendants sought to introduce after four years of extensive discovery and two years after discovery had closed. A showing of willful and contumacious behavior was not required (see Metropolitan Bridge & Scaffolds Corp. v New York City Hous. Auth., 168 AD3d 569, 572 [1st Dept 2019]; Vandashield Ltd v Isaacson, 146 AD3d 552, 556 [1st Dept 2017]), and the preclusion is not "disproportionate" to defendant's discovery malfeasance (see Beach v Touradji Capital Mgt., LP, 179 AD3d 474, 477 [1st Dept 2020]). Further, the belated disclosure would prejudice plaintiffs. Had such selective disclosure been timely made, plaintiffs could have altered their litigation strategy and expanded the scope of discovery based on defendant's waiver of the attorney-client privilege (see Orco Bank v Proteinas Del Pacifico, 179 AD2d 390 [1st Dept 1992]).
In view of the foregoing, we need not reach the parties' remaining arguments for affirmative relief. As plaintiffs appealed solely to preserve their challenge to the preclusion of their witness in the event this Court reversed the ruling appealed by defendant, we also affirm the preclusion of the trial witness. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 14, 2022