People v Bunton (2022 NY Slip Op 03856)

People v Bunton

2022 NY Slip Op 03856

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, LINDLEY, AND BANNISTER, JJ.

555 KA 17-02218

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONNIE BUNTON, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered September 13, 2017. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts), criminal trespass in the second degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of assault in the second degree under count three of the indictment and dismissing that count, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the second degree (Penal Law § 120.05 [3]) and one count each of criminal trespass in the second degree (§ 140.15 [1]) and resisting arrest (§ 205.30), arising from an incident in which he caused injury to two police officers as he attempted to evade arrest for unlawfully entering a residence.
We agree with defendant that the evidence is legally insufficient to support the conviction with respect to the physical injury element of the crime of assault in the second degree as charged in count three of the indictment. " 'Physical injury' means impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Although pain is subjective, the Court of Appeals has cautioned that "the Legislature did not intend a wholly subjective criterion to govern" (Matter of Philip A., 49 NY2d 198, 200 [1980]). "Factors relevant to an assessment of substantial pain include the nature of the injury, viewed objectively, the victim's subjective description of the injury and his or her pain, whether the victim sought medical treatment, and the motive of the offender" (People v Haynes, 104 AD3d 1142, 1143 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]; see People v Chiddick, 8 NY3d 445, 447-448 [2007]). Here, the officer testified that he experienced "quite a bit of pain" to his "left upper thigh/groin area" after struggling with defendant when he resisted arrest and that his pain was a 6 or 7 out of 10 on the pain scale. There was only a vague description of the injury, and no medical records for the officer were introduced in evidence (cf. People v Thompson, 179 AD3d 474, 474 [1st Dept 2020], lv denied 35 NY3d 945 [2020]). In addition, there was no testimony that the officer took any pain medication for the injury (cf. People v Talbott, 158 AD3d 1053, 1054 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]), and the officer did not miss any work or testify that he was unable to perform any activities because of the pain. Viewing the evidence in the light most favorable to the People (see People v Allen, 36 NY3d 1033, 1034 [2021]), we conclude that it is legally insufficient to establish that the officer sustained physical injury (see People v Zalevsky, 82 AD3d 1136, 1137 [2d Dept 2011], lv denied 19 NY3d 978 [2012], reconsideration denied 19 NY3d 1106 [2012]; People v Winchester, 14 AD3d 939, 941 [3d Dept 2005], lv denied 5 NY3d 796 [2005]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]), and we therefore modify the judgment by reversing that part convicting defendant of assault in the second degree under count three of the indictment and dismissing that count of the indictment.
Contrary to defendant's further contention, viewing the evidence in light of the elements of assault in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to the count of assault in the second degree under count two of the indictment (see generally Bleakley, 69 NY2d at 495).
Finally, we reject defendant's contention that count four of the indictment, charging him with resisting arrest, was rendered duplicitous by the testimony at trial. The evidence establishes that defendant's multiple actions to avoid arrest constitute a single, uninterrupted crime rather than a series of distinct criminal acts (see People v Alonzo, 16 NY3d 267, 269-270 [2011]; cf. People v Bennett, 52 AD3d 1185, 1186 [4th Dept 2008], lv denied 11 NY3d 734 [2008]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court