| **Beach v Touradji** |
|:---:|
| 2025 NY Slip Op 30166(U) |
| January 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 654426/2019 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

---------------------------------------------------------------------------------X

GENTRY T. BEACH and ROBERT A. VOLLERO,

Plaintiffs,

- v -

PAUL TOURADJI, PEGAH TOURADJI, TOURADJI
CAPITAL MANAGEMENT, LP, TOURADJI CAPITAL GP,
LLC, TOURADJI CAPITAL PARTNERS, LLC,TOURADJI
GLOBAL RESOURCES MASTER FUND, LP, TOURADJI
GLOBAL RESOURCES FUND, LP, TOURADJI GLOBAL
RESOURCES INTERMEDIATE FUND, LTD, TOURADJI
GLOBAL RESOURCES OFFSHORE FUND, LTD,
TOURADJI INDEX PLUS I, LP, TOURADJI PRIVATE
EQUITY MASTER FUND, LTD, TOURADJI PRIVATE
EQUITY INTERMEDIATE FUND, LTD, TOURADJI
PRIVATE EQUITY OFFSHORE FUND, LTD, and
TOURADJI PRIVATE EQUITY ONSHORE FUND, LTD,

Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654426/2019 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 008 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 270, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285

were read on this motion to/for          REARGUMENT/RECONSIDERATION          .

Defendants Paul Touradji and Touradji Capital Management, LP (TCM) move

pursuant to CPLR 2221 (d) to reargue this court's January 2, 2023 preclusion order

which includes adverse inferences.

**Background**

On June 10, 2019, following a jury trial, the court entered judgment against TCM

and in favor of plaintiffs Gentry T. Beach and Robert A. Vollero in the amount of over

**654426/2019   BEACH, GENTRY T. vs. TOURADJI, PAUL**
**Motion No.  008**

**Page 1 of 11**

1 of 11

[* 1]

$45 million.[1]  (*Beach v Touradji*, 603611/2008, NYSCEF Doc. No. [NYSCEF] 884, Judgment.)  In this fraudulent transfer action, plaintiffs allege that TCM had over $619 million in assets when the 2008 action began and only $14,500 when this action was filed on August 5, 2019.  (NYSCEF 1, Complaint ¶¶ 27, 28.)

Discovery began with a January 27, 2021 PC Order.  (NYSCEF 100, Order.)  Defendants appear to have produced over 90,000 documents which plaintiffs assert are primarily useless.  (NYSCEF 232, Defendants' MOL in Opposition to Plaintiffs' Motion to Consolidate at 11; NYSCEF 234, December 14, 2022 Michael Stolper[2] aff ¶ 6; NYSCEF 285, Defendants' MOL at 2 n 3.)  The court notes that the parties engaged in lengthy negotiation of search terms.  (NYSCEF 136, September 22, 2021 Decision and Order [mot. seq. no. 003]; NYSCEF 142, Defendants' November 2, 2021 Discovery Update.)  The court held conferences, heard three discovery motions, and issued several discovery orders.  Finally, the court issued a discovery order on April 18, 2022, directing defendants to produce certain documents by May 2, 2022; otherwise, there would be a self-executing preclusion order with an adverse inference.  (NYSCEF 178, Decision and Order [mot. seq. no. 004].)  Defendants admittedly failed to comply.  (NYSCEF 169, April 1, 2022 Richard H. Dolan[3] aff.)  As promised, the court awarded attorneys' fees and a preclusion order with an adverse inference.  The order provides:

---

[1] Although this verdict was reversed, this action proceeds, in part.  (*Beach v Touradji Capital Mgt., LP*, 179 AD3d 474 [1st Dept 2020]; NYSCEF 92, August 4, 2020 Decision and Order [mot. seq. no. 002].)  After a month-long re-trial in February 2023, the jury deliberated for almost a week, but the jury hung on plaintiffs' breach-of-contract claim – the same claim on which the jury returned a verdict in the first jury trial.  (*Beach v Touradji*, 603611/2008, NYSCEF 1392, tr 3490:6-21.)

[2] Stolper is plaintiffs' counsel.  (NYSCEF 234, December 14, 2022 Stolper aff ¶1.)

[3] Dolan is defendants' counsel.  (NYSCEF 169, April 1, 2022 Dolan aff ¶1.)

**654426/2019   BEACH, GENTRY T. vs. TOURADJI, PAUL**                                              **Page 2 of 11**
**Motion No.  008**

"ORDERED that [defendants][4] are precluded from offering as evidence at trial the following documents that were not produced on or before April 25, 2022: (1) defendants' correspondence with the IRS concerning the underlying action, *Beach v Touradji Capital Management, LP, et al.*, Index No. 603611/2008 (Underlying Action) in the context of a 2013 audit, (2) defendant Touradji Capital Management, LP's correspondence with its insurer or broker relating to its claim for coverage in the Underlying Action (including letters dated May 21, 2009 and July 30, 3009), (3) Touradji Capital Management, LP's general ledgers for 2012, 2013, and 2016 through 2019, (4) Schedule E to Touradji Capital Management, LP's tax returns from 2009 through 2019, and (5) emails concerning the Identified Transfers; and it is further

ORDERED that the jury shall be instructed with Pattern Jury Instructions 1:77.2: 'Before this trial began, the court decided that defendants willfully failed to produce

-defendant Touradji Capital Management, LP's correspondence with its insurance carrier or broker relating to its claim for coverage in the Underlying Action;

-defendants' correspondence with the IRS concerning the underlying action Beach v Tourdaji Capital Management, LP, et al, Index No. 603611/2008 in the context of a 2013 audit;

-Touradji Capital Management, LP's general ledgers for 2012, 2013, and 2016 through 2019;

-Schedule E to Touradji Capital Management, LP's tax returns from 2009 through 2019;

-emails concerning the Identified Transfers.

and that the evidence would have been important on the issue of whether (a) the risk of defendants' liability for breach of contract in the Underlying Action was material, (b) each Identified Transfer was a distribution to defendant Paul Touradji, (c) was intended to limit plaintiffs' ability to collect on their breach of contract claim in the Underlying Action, and (d) after distributions at issue in this action, Touradji Capital Management LP was insolvent. You should therefore presume that had it been produced, the evidence would have been against defendants' position that (1) defendants' liability for breach of contract in the Underlying Action was immaterial, (2) after distributions, Touradji Capital Management, LP was solvent, (3) each Identified Transfer was not a distribution to defendant Paul Touradji, and (4) each Identified Transfer was not intended to limit plaintiffs' ability to collect on their breach of contract claim in the Underlying

---

[4] The court notes a typographical error in the original order.

654426/2019   BEACH, GENTRY T. vs. TOURADJI, PAUL
Motion No.  008

Action." (NYSCEF 246, January 2, 2023 Supplemental Decision and Order [mot. seq. no. 004].)

The note of issue was re-filed on June 17, 2022. (NYSCEF 193.) In June 2022, while this motion was pending, defendants produced 2,680 additional documents. (NYSCEF 275, Zachary L. Rowen[5] aff.) The court modified the above order to allow the parties to use the documents at trial. (NYSCEF 274, November 25, 2024 Interim Decision and Order at 5 [mot. seq. no. 008].) As to these documents, there could be no prejudice since plaintiffs have had them since June 2022.

**Discussion**

A motion for leave to reargue pursuant to CPLR 2221 (d) "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the Court in determining the prior motion." (CPLR 2221 [d] [2].) However, "[r]eargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided … or to present arguments different from those originally asserted." (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992] [citations omitted].) The movant bears the initial burden on a motion to reargue a prior decision pursuant to CPLR 2221. (*See id.*) Here, defendants assert that the court overlooked the courts' strong preference to decide matters on their merits. (*Youwanes v Steinbrech*, 193 AD3d 492, 492 [1st Dept 2021] [affirming denial of order for preclusion because "[e]ven if the proffered excuse [for lack of compliance] is less than compelling, there is a strong preference in our law that matters be decided on their merits"]; *S.R. Garden City, LLC v Magnacare, LLC*, 114 AD3d 925, 926-27 [2d Dept 2014] [severe

---

[5] Rowen is defendants' counsel. (NYSCEF 275, Rowen aff ¶ 1.)

**654426/2019 BEACH, GENTRY T. vs. TOURADJI, PAUL**
**Motion No. 008**

**Page 4 of 11**

[* 4]

sanction not appropriate where "plaintiff provided many of the requested items," "proffered a specific excuse" for missing final deadline, and "the defendant failed to demonstrate actual prejudice," in light of "public policy of resolving cases on the merits"].) Therefore, the question is whether the court overlooked the preference to decide cases on their merits considering Touradji's excuse and defendants' June 2022 production (Tardy Documents).

To explain defendants' failure to comply with the court's prior orders, Touradji swore under penalty of perjury to the details of one family members' serious health issues from the fall of 2021 to spring 2022. (Touradji December 3, 2024 aff emailed to court.) He also states that another family member fell seriously ill during the same time. The combination impeded his ability to do anything other than care for his family. The court finds that defendants have offered a reasonable excuse. The court accepts defendants' good faith explanation as it would of any other party. (*See Solomon v Fordham Univ.*, 2024 WL 3273112, *5, 2024 US Dist LEXIS 116528, *3 [SD NY, July 2, 2024, No. 18-cv-4615 (ER)] ["Generally, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production" (internal quotation marks and citations omitted)].) The motion to reargue is granted and the court will address the sanctions (preclusion and adverse inference) motion sequence 004 anew.

For a sanctions motion under CPLR 3126, "the standard is whether the conduct of the offending party is willful, contumacious and in bad faith." (*Watson v City of New York*, 157 AD3d 510, 514 [1st Dept 2018].) Prejudice is a factor, but not dispositive. (*Id.*) Based on Touradji's affidavit, and other evidence discussed below, the court finds

**654426/2019   BEACH, GENTRY T. vs. TOURADJI, PAUL**
**Motion No.  008**

**Page 5 of 11**

5 of 11

[* 5]

that his failure to comply with this court's discovery orders was not in bad faith. Accordingly, the remaining issue is whether defendants' document production, or lack thereof, was otherwise willful, contumacious or in bad faith resulting in prejudice.

The court directed plaintiffs to review defendants' Tardy Documents and advise the court whether documents were still missing. (NYSCEF 274, November 25, 2024 Interim Decision and Order at 4 [mot. seq. no. 008].) Plaintiffs failed to do so. (*See generally* NYSCEF 276, Stolper aff.) Plaintiffs' failure is confounding since plaintiffs already admitted to receiving some relevant 2012 financial documents in the June 2022 production. (NYSCEF 270, tr 19:15-18.) Instead, plaintiffs rely on their prior submissions without regard to the Tardy Documents. (NYSCEF 276, Stolper aff ¶¶ 4, 6.) For example, in the Tardy Documents, defendants produced insurer correspondence (NYSCEF 275, Rowen aff ¶ 12), but plaintiffs fail to explain why this production was inadequate. Defendants provided plaintiffs with the new search parameters used to find those insurer correspondence, but plaintiffs failed to explain why the new parameters are inadequate. Further, plaintiffs' objection that there was no production after the July 18, 2022 argument on this motion is misleading since defendants' production finished on June 22, 2022. (NYSCEF 276, Stolper aff ¶ 3.)

Touradji's counsel, new to this matter, explained his search of defendants' emails and instant messages, which resulted in the Tardy Document production. (NYSCEF 275, Rowen aff ¶ 5.) The search was conducted from May 26, 2022, to June 22, 2022, and various productions were made. (*Id.* ¶¶ 4, 20.) Counsel also researched and explained why certain documents that we would expect to see e.g. general ledgers are missing. (*Id.* ¶ 25.)

**654426/2019   BEACH, GENTRY T. vs. TOURADJI, PAUL**
**Motion No.  008**

**Page 6 of 11**

6 of 11

[* 6]

As to (1), plaintiffs' request for defendants' correspondence with the IRS concerning the underlying action, *Beach v Touradji Capital Management, LP, et al.*, Index No. 603611/2008 (Underlying Action) in the context of a 2013 audit, the court is satisfied that defendants' subsequent search was diligent. The emails on which plaintiffs rely are insufficient for the court to conclude that there is necessarily correspondence with the IRS regarding this action. (NYSCEF 280, March 11, 2013 email to Touradji from Grizzetti; NYSCEF 281, March 14, 2013 email to Touradji from O'Brien.)[6]

As to (2), plaintiffs' request for TCM's correspondence with its insurer or insurance broker relating to its claim for coverage in the Underlying Action (including letters dated May 21, 2009, and July 30, 2009), plaintiffs objected to the tardy production of only 12 documents as too few and claim that the 12 documents are unrelated to the Underlying Action. (NYSCEF 258, Stolper April 14, 2023 aff ¶ 8.) Insurance documents had been withheld on privilege grounds but were produced on June 3, 2022. (NYSCEF 275, Rowen aff ¶ 11.) Plaintiffs fail to give a factual basis to explain why 12 documents are too few. According to defendants, "[t]hese documents relate to a coverage analysis regarding the [Underlying] Action, with the case name and caption identified on the first page in underlined text." (NYSCEF 285, Defendants' MOL at 11/14.) While the 12 documents were not provided to the court for review by either party, the court accepts defendants' good faith description of their content compared to

---

[6] Defendants' failure to identify documents in their memoranda on law by NYSCEF document numbers is astounding given the amount of time defendants have been before this court.

**654426/2019 BEACH, GENTRY T. vs. TOURADJI, PAUL** **Page 7 of 11**
**Motion No. 008**

plaintiffs' conclusory statement. (*Solomon*, 2024 WL 3273112, *5, 2024 US Dist LEXIS 116528, *3.)

As to (3), plaintiffs' request for TCM's general ledgers for 2012, 2013, and 2016 through 2019, the court agrees that defendants' production of 2014 and 2015 general ledgers support the conclusion that at least the 2012 and 2013 general ledgers exist. Defendants produced "summary" spreadsheets for 2011 and 2012, in addition to the general ledges for 2014 and 2015 already produced. (NYSCEF 275, Rowen aff ¶¶ 26-27.) Ledgers or spreadsheets for 2013 and 2016-2019 were not produced.

As to the documents from the period 2016 to 2019, counsel explains that defendants became a cash based pass-through entity with different tax filing requirements and thus general ledgers were no longer needed or maintained. (*Id.* ¶¶ 22, 25, 27.) Counsel also explains that defendants wound down operations in 2012 i.e. going from 40 employees to one chief financial officer (CFO), for a time, and plaintiffs' documentary proof supports this history. (NYSCEF 284, December 31, 2017 Touradji offshore financial report signed by CFO; NYSCEF 282, September 29, 2020 ADV Form at 7/42 disclosing one employee.)[7] While this proffer may explain the absence of ledgers or spreadsheets for 2016 to 2019, it does not address the absence of those for 2013.

Plaintiffs may inquire at trial how TCM filed SEC Form ADVs holding itself out as a registered investment advisor while transferring over $300 million from January 12,

---

[7] This documented history supports Touradji's contention that he alone was unable to respond to court orders as he would not have had assistance to conduct such searches.

**654426/2019  BEACH, GENTRY T. vs. TOURADJI, PAUL**  **Page 8 of 11**
Motion No.  008

8 of 11

[* 8]

2012, to December 31, 2018, yet had no general ledgers or spreadsheets for 2013 and 2016 to 2019. The jury will decide credibility.

As to (4), plaintiffs' request for Schedule E to TCM's tax returns from 2009 through 2019, on June 2, 2022, defendants produced from Baker McKenzie, Touradji's tax preparer, 2012 Schedule E and tax return transcripts showing the Schedule E figures for 2015, 2016, and 2017 for Touradji. (NYSCEF 275, Rowen aff ¶ 10.) Since the production is incomplete, Touradji shall confirm that he did not use any tax preparer other than Baker McKenzie.

Counsel also explains that TCM would not maintain Schedule Es, but Touradji would and thus his personal Schedule Es were produced. (*Id.* ¶ 22; *see* Form 1040, Schedule E, Supplemental Income and Loss;[8] *see also New Falls Corp. v Soni*, 2020 WL 2836787, *8-9, 2020 US Dist LEXIS 94747, *23-25 [ED NY, May 29, 2020, No. CV 16-6805 (ADS) (AKT)] [denying motion to compel production of K-1s from a party's taxes when such entity claimed that "a single member LLC's income is reported via a schedule, not a K-1" because a "court cannot compel the production of documents that do not exist" (internal quotation marks and citation omitted)].) The court accepts this explanation considering plaintiffs' silence when invited to comment. (NYSCEF 276, Stolper aff.) In addition, the reason plaintiffs gave for this request was to identify distributions. (NYSCEF 270, tr 23:5-7.) Clearly, plaintiffs have such information. (NYSCEF 276, Stolper aff ¶ 8 [list of transfers from January 12, 2012, to December 31, 2018].)

---

[8] Available at https://www.irs.gov/pub/irs-pdf/f1040se.pdf [last accessed January 9, 2025.]

**654426/2019   BEACH, GENTRY T. vs. TOURADJI, PAUL**
**Motion No.  008**

**Page 9 of 11**

9 of 11

[* 9]

As to (5), plaintiffs' request for emails concerning the Identified Transfers, defendants produced such documents in June 2022. (NYSCEF 275, Rowen aff ¶ 20.) Plaintiffs failed to address the production and whether it was responsive. (NYSCEF 276, Stolper aff.) Likewise, plaintiffs failed to challenge the search terms. Accordingly, the court is satisfied that to the extent not produced in June 2022, the requested documents do not exist or are not in defendants' possession. (*Freedman v Weatherford Intl*, 2014 WL 4547039, *3, 2014 US Dist LEXIS 133950, *9 [SD NY, Sept. 12, 2014, No. 12 Civ. 2121(LAK)(JCF)] [perfection is not required].)

(6) As to 122 password protected emails, defendants produced them in June 2022. (NYSCEF 275, Rowen aff ¶7, 11-13.) Plaintiffs failed to address the production and whether it was responsive. (NYSCEF 276, Stolper aff.) The court finds this issue resolved.

(7) As to certain spreadsheets containing financial information for 2012, 2013 and 2016 to 2019 which plaintiffs assert are like those produced for 2011, 2014 and 2015, counsel explains the absence of the 2018 and 2019 spreadsheets. NAV Consulting, Inc., the entity that kept defendants' books and records, according to defendants' 2020 Form ADV filed with the SEC, quit in April 2021 and stated that they were unable to provide services since June 2018. (NYSCEF 283, February 6, 2023 Decision of Grand Court of the Cayman Islands at 9/16.) However, this does not explain the absence of 2012, 2013, 2016 and 2017 spreadsheets. Nevertheless, the court is satisfied that counsel's search was thorough. (*Solomon*, 2024 WL 3273112, *5, 2024 US Dist LEXIS 116528, *3 ["Generally, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control,

**654426/2019   BEACH, GENTRY T. vs. TOURADJI, PAUL**
Motion No.  008

**Page 10 of 11**

10 of 11

should resolve the issue of failure of production since one cannot be required to produce the impossible"].)  Plaintiffs may inquire and the jury will decide credibility.

Accordingly, it is

ORDERED that defendants' motion for leave to reargue plaintiffs' motion sequence 004 is granted; and it is further

ORDERED that, upon reargument, the January 2, 2023 order is vacated, as to preclusion and adverse inferences for 1, 2, 3, 5, 6, 7.  As to 4 (Schedule E to TCM's tax returns from 2009 through 2019), the court will reconsider the preclusion order and adverse inference upon defendants filing (via NYSCEF and email to sfc-part48@nycourts.gov) within 10 days of the date of this decision and order: Touradji shall confirm that he did not use any tax preparer other than Baker McKenzie during the relevant period; and it is further

ORDERED that neither party may use at trial documents that were requested, but not produced.

| | |
|---|---|
| **1/9/2025** | |
| **DATE** | **ANDREA MASLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**654426/2019   BEACH, GENTRY T. vs. TOURADJI, PAUL**
**Motion No.  008**

**Page 11 of 11**

11 of 11